UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

TERESA M. BAIDE

    Plaintiff,

v.

INTERAMERICAN MEDICAL
CENTER GROUP, LLC

    Defendant,

_____/

## COMPLAINT

COMES NOW the Plaintiff, TERESA M. BAIDE, and other similarly situated individuals, by and through the undersigned counsel, and hereby sues Defendant INTERAMERICAN MEDICAL CENTER GROUP, LLC, and alleges:

### JURISDICTION AND VENUES

1. This is an action for equitable and monetary relief to readdress the violations of Plaintiff's rights pursuant to the Family Medical Leave Act (hereinafter "FMLA"), 29 U.S.C. Section 2612 (a)(1), and the anti-retaliatory provisions found in Section 2615 (a)(1) and (2), and (b) (1). Plaintiff also brings action and for the violation of the Families First Coronavirus Response Act ("FFCRA"), P.L. 116-136, as amended.

2. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and §1343.

3. The venue of this action is properly placed in the Southern District of Florida, Miami Division, pursuant to 28 U.S.C. §1391(b), since the employment practices hereafter alleged

to be unlawful were committed in Dade County, within the jurisdiction of this Honorable Court.

## PARTIES

4. Plaintiff TERESA M. BAIDE is a covered employee for purposes of the Act. The Plaintiff is a resident of Dade County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the FLSA, FMLA, and the Families First Coronavirus Response Act ("FFCRA"), P.L. 116-136, as amended.

5. Defendant INTERAMERICAN MEDICAL CENTER GROUP, LLC (hereinafter INTERAMERICAN MEDICAL, or Defendant) is a Florida corporation, having a place of business in Miami Dade County, Florida. Defendant was engaged in interstate commerce.

6. Defendant was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], the Family Medical Leave Act (hereinafter "FMLA"), 29 U.S.C. Section 2612 (a)(1), as amended; and the Families First Coronavirus Response Act ("FFCRA"), 116 P.L. 116-136, as amended;

7. All the actions raised in this Complaint took place in Dade County, Florida, within the jurisdiction of this Court.

## GENERAL ALLEGATIONS

8. Defendant INTERAMERICAN MEDICAL is a medical center that provides complete medical and preventative health care services to the general population. Defendant provides Primary Care, Specialty and Ancillary Services, and other services, including activity centers and transportation services. Defendant provides health care services in more than 10 clinics located throughout Dade and Broward County.

9. Defendant INTERAMERICAN MEDICAL employed Plaintiff TERESA M. BAIDE approximately from June 20, 2010, to December 10, 2020, or 10 years with 5 months, plus 3 weeks.

10. Plaintiff worked in the headquarters and medical center located at 15105 NW 77 Avenue, Miami Lakes 33014.

11. Plaintiff was hired as a non-exempted, full-time customer service representative. Plaintiff's main duties was recruiting new patients for the medical center. Plaintiff' last wage rate was $12.68 an hour, plus commissions/bonuses ranging from $1,000.00 to $3,000 every 3 months.

12. During her time of employment with Defendant, Plaintiff worked 5 days per week, an average of 40 hours.

13. Throughout her employment with Defendant, Plaintiff performed her duties in an exemplary fashion. Plaintiff possessed all the required skills, training, and qualifications for the job in question and performed her duties without significant issue or controversy.

14. Unfortunately, on or about December 01, 2020, Plaintiff felt sick. At 7:03 AM, Plaintiff called Lourdes Diaz and informed the Supervisor that she felt ill, she had breathing difficulties, and she would not come to work because she had to seek medical attention.

15. Plaintiff went to Baptist Health Urgent Care, where she was diagnosed as Positive for COVID-19 virus and related viral pneumonia.

16. The same day, on or about December 01, 2020, at 5:09 PM, Plaintiff texted Supervisor Casandra Cajuso and informed her that she resulted positive for COVID-19 and that she had COVID-19 related viral pneumonia.

17. Supervisor Casandra Cajuso called Plaintiff later, and Plaintiff repeated her story and told Supervisor Casandra Cajuso that she was positive for the COVID-19 virus. Supervisor Casandra Cajuso requested Plaintiff to send an e-mail to her informing her about her condition. The Supervisor explained that she had to forward that e-mail to Dr. Antunez (upon information and belief, medical director of the clinic.)

18. Plaintiff sent an e-mail to Supervisor Casandra Cajuso, and she attached a copy of the positive COVID-19 test.

19. The same day. Dr. Carmen Huanipa (Plaintiff's primary physician) from INTERAMERICAN MEDICAL called Plaintiff, and Plaintiff informed the doctor that she was positive for COVID-19 and had pneumonia.

20. The next day, December 02, 2020, Plaintiff called Supervisor Casandra Cajuso to verify if she received Plaintiff's e-mail informing her about her health condition and the attached positive COVID-19 test. Supervisor Casandra Cajuso did confirm that Defendant received Plaintiff's e-mail.

21. On or about December 03, 2020, Dr. Carmen Huanipa's morning assistant Yunislaydis, a/k/a "Yuyu," called Plaintiff and informed her that Dr. Carmen Huanipa wanted to see her at the clinic. Plaintiff answered: "How can I go to the clinic if I have COVID." The assistant replied: "It does not matter that you have COVI; Dr. Huanipa wants to see you."

22. Plaintiff covered herself, wore a protective mask, and went to the clinic to see Dr. Huanipa. When Plaintiff arrived, she told the receptionist that Dr. Huanipa was waiting for her. The receptionist asked Plaintiff if she had fever or cough, Plaintiff stated no to both. The receptionist proceeded to take Plaintiff's temperature and asked Plaintiff to sign a form that was not filled. Then the receptionist filled out the form.

23. After that, Plaintiff went in and met with Dr. Carmen Huanipa, who gave her a check-up and recommended Plaintiff go to the hospital.

24. On December 03, 2020, Plaintiff went to Palmetto Hospital, where she was admitted and remained hospitalized for five days. Upon discharge, Plaintiff continued at home her treatment and quarantine period.

25. On or about December 10, 2020, Supervisor Casandra Cajuso called Plaintiff and informed her that she had been fired because she signed a document stating that she had no COVID-19 (the form that the receptionist filled out).

26. On or about December 10, 2020, while Plaintiff was still; very sick and fighting COVID-19 related pneumonia, Defendant fired Plaintiff due to "No proper disclosing information on the patient intake form at reception desk."

27. Plaintiff sent an e-mail letter to Human Resources, to HR Daisy Ferrer, and HR Christina Picket, explaining the situation and asking Defendant to reconsider the unfair termination and allowing her to continue her long-term employment. Defendant ignored Plaintiff's letter and never answered her.

28. On or about December 10, 2020, Defendant fired Plaintiff using a pretext. After more than 10 years of loyal services, Plaintiff was terminated because she was sick and tested positive for COVID-19.

29. Defendant INTERAMERICAN MEDICAL violated Plaintiff's protected rights under the Family Medical Leave Act 29 U.S.C. Section 2612 (a)(1), as amended, when it failed to inform Plaintiff that she was eligible to take leave under the FMLA because of her qualifying medical condition.

30. Defendant INTERAMERICAN MEDICAL also violated Plaintiff's protected rights under the Families First Coronavirus Response Act ("FFCRA"), 116 P.L. 116-136, as amended when it fired Plaintiff due to the COVID-19 diagnosis, and therefore should be punishable under FLSA, 29 U.S.C. § 215 (a) (3).

31. The Families First Coronavirus Response Act (FFCRA or Act) requires certain employers to provide their employees with paid sick leave and expanded family and medical leave for specified reasons related to COVID-19.

32. Defendant INTERAMERICAN MEDICAL maliciously fired Plaintiff before she was cleared to return to work. Plaintiff was unlawfully and retaliatory terminated by her employer.

33. Moreover, Defendant INTERAMERICAN MEDICAL violated Plaintiff's protected rights under the Families First Coronavirus Response Act ("FFCRA"), 116 P.L. 116-136, as amended by The Emergency Paid Sick Leave Act (EPSLA), which is Division E of the FFCRA, when it failed to pay Plaintiff up to 2 weeks or 80 hours of paid sick leave in specific circumstances related to the Plaintiff due to the COVID-19 diagnosis. Therefore, Defendant should be punishable under FLSA, 29 U.S.C. § 216 and 217.

34. As a direct and proximate cause of Defendant's willful, wanton, and malicious acts described in part above, Plaintiff has sustained damages for the loss of her employment, as well as the security and peace of mind it provided her. Plaintiff has incurred additional damages, including lost wages, pain and suffering, mental anguish, and other damages connected with the loss of her job.

35. Plaintiff seeks to recover damages pursuant to the Family Medical Leave Act; and pursuant to the Families First Coronavirus Response Act ("FFCRA"), 116 P.L. 116-136, as amended; and any other remedy, as allowable by law.

**COUNT I:**
**VIOLATION OF FAMILY & MEDICAL LEAVE ACT OF 1993;**
**INTERFERENCE WITH FMLA RIGHTS**

36. Plaintiff TERESA M. BAIDE re-adopts every factual allegation about the Family Medical Leave Act as stated in paragraphs 1-29 and 32-35 above, containing FMLA allegations, as if set out in full herein.

37. This is an action against Defendant INTERAMERICAN MEDICAL for damages and injunctive relief for violating the Family and Medical Leave Act of 1993 (29 U.S.C. § 2601-2654).

38. At all times relevant and material, Defendant INTERAMERICAN MEDICAL is an Employer under the FMLA, as defined in 29 U.S.C. § 2611(4). Defendant was always pertinent to this Complaint, engaged in interstate commerce, and employed 50 or more employees within a 75 miles radius of the facility where Plaintiff worked.

39. Plaintiff TERESA M. BAIDE is a qualified member of the protected class within the purview of 29 USC Section 2601, The Family & Medical Leave Act.

40. Defendant INTERAMERICAN MEDICAL employed Plaintiff TERESA M. BAIDE approximately from June 20, 2010, to December 10, 2020, or Ten years with 5 months, plus 3 weeks.

41. Plaintiff was hired as a non-exempted, full-time customer service representative. Plaintiff's main duty was recruiting new patients for the medical center. Plaintiff's last wage rate was

$12.68 an hour plus commissions or bonuses ranging from $1,000.00 to $3,000 every 3 months.

42. Thus, Plaintiff had worked for INTERAMERICAN MEDICAL for more than 1250 hours in the 12 months preceding her need for medical leave.

43. At all times material, Plaintiff was qualified to perform her job as a customer service representative within the legitimate expectations of her employer.

44. However, on or around December 01, 2020, Plaintiff informed her Supervisors, Lourdes Diaz, and Casandra Cajuso, that she tested positive for COVID-19.

45. Plaintiff initiated her self-quarantine related to COVID-19, a qualifying condition under the FMLA, and she took 2 weeks of unprotected leave to treat her qualifying medical condition.

46. Defendant INTERAMERICAN MEDICAL violated Plaintiff's FMLA protections when it failed to inform Plaintiff that she was eligible to take protected leave under the FMLA. According to 29 CFR §825.300 (a)(1) and (b)(1), employers are required to inform employees when they meet the requirements to be eligible for FMLA. INTERAMERICAN MEDICAL did not notify Plaintiff of her FMLA rights.

47. Plaintiff was expecting to get back to work after her quarantine period and upon medical clearance.

48. Instead, on or about December 10, 2020, while Plaintiff was sick and within her self-isolation period, Plaintiff was wrongfully terminated, and her rights under the provisions of the Family Medical Leave Act were violated.

49. Defendant INTERAMERICAN MEDICAL is subjected to the provisions of the Family and Medical Leave Act of 1993 (29 U.S.C. § 2601-2654). Defendant interfered with

Plaintiff's rights.

50. 29 U.S. CODE § 2615 states in pertinent part:

   **a) Interference with rights**
   **(1) Exercise of rights**
   It shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter.
   **(2) Discrimination**
   It shall be unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter.

51. Plaintiff was entitled to FMLA leave. However, Defendant, in complete disregard of Plaintiff's protected rights under the Family Medical Leave Act, fired Plaintiff, preventing her from obtaining the benefits of FMLA to treat her condition, to obey Federal, State, and local quarantine orders, and then continuing her job in her original position or an equivalent position.

52. Defendant INTERAMERICAN MEDICAL willfully and wantonly denied or otherwise interfered with Plaintiff substantive rights under FMLA, 29 U.S.C. Sect 2615(a)(1), (a) (2), and 2615(b) (2) which states in pertinent part: (b) Interference with proceedings or inquiries........(2) It shall be unlawful for any person to discharge or in any other manner discriminate against any individual because such individual—has given, or is about to give, any information in connection with any inquiry or proceeding relating to any right provided under this subchapter."

53. As a direct and proximate cause of Defendant's willful, wanton, and malicious acts described in part above, Plaintiff has sustained damages for the loss of her employment, as well as the security and peace of mind it provided her. Plaintiff has sustained mental, nervous, and emotional injury. Plaintiff has incurred additional damages, including lost wages, pain and suffering, mental anguish, loss of capacity for the enjoyment of life, and

other damages attendant with the loss of her job.

54. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay reasonable attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff TERESA M. BAIDE respectfully requests that this Honorable Court will grant judgment:

A. Finding that INTERAMERICAN MEDICAL'S actions towards Plaintiff to be violative of the Plaintiff's rights under the FMLA;

B. Awarding Plaintiff TERESA M. BAIDE payment of all back wages lost benefits, and other economic damages, including front pay, found by the Court to be due under FMLA;

C. Awarding Plaintiff an additional equal amount as liquidated damages for Defendant's willful violation of the FMLA;

D. Granting such other and further relief as is just and proper;

E. Awarding Plaintiff costs, including a reasonable attorney's fee.

## JURY DEMAND

Plaintiff TERESA M. BAIDE demands trial by a jury of all issues triable as of right by a jury.

## COUNT II:
## VIOLATION OF FAMILY & MEDICAL LEAVE ACT OF 1993
## RETALIATION FOR EXERCISING FMLA RIGHTS

55. Plaintiff TERESA M. BAIDE re-adopts every factual allegation about the Family Medical Leave Act as stated in paragraphs 1-29 and 32-35 above, or the FMLA allegations, as if set out in full herein.

56. This is an action against corporate Defendant INTERAMERICAN MEDICAL for damages and injunctive relief for violation of the Family and Medical Leave Act of 1993 (29 U.S.C. § 2601-2654).

57. At all times relevant and material, Defendant INTERAMERICAN MEDICAL is an Employer under the FMLA, as defined in 29 U.S.C. § 2611(4). Defendant was at all times pertinent to this Complaint, engaged in interstate commerce, and employed 50 or more employees within a 75 miles radius of the facility where the Plaintiff worked.

58. Plaintiff TERESA M. BAIDE is a qualified member of the protected class within the purview of 29 USC Section 2601, The Family & Medical Leave Act.

59. Defendant INTERAMERICAN MEDICAL employed Plaintiff TERESA M. BAIDE approximately from June 20, 2010, to December 10, 2020, or 10 years with 5 months, plus 3 weeks.

60. Plaintiff was hired as a non-exempted, full-time customer service representative. Plaintiff's main duty was recruiting new patients for the medical center. Plaintiff's last wage rate was $12.68 an hour plus commissions or bonuses ranging from $1,000.00 to $3,000 every 3 months.

61. Thus, Plaintiff had worked for INTERAMERICAN MEDICAL for more than 1250 hours in the 12 months preceding her need for medical leave.

62. At all times material, Plaintiff was qualified to perform her job as a customer service representative within the legitimate expectations of her employer.

63. However, on or around December 01, 2020, Plaintiff informed her Supervisors, Lourdes Diaz and Casandra Cajuso, that she tested positive for COVID-19.

64. Plaintiff initiated her self-quarantine related to COVID-19, a qualifying condition under the FMLA, and she took 2 weeks of unprotected leave to treat her qualifying medical condition.

65. Plaintiff engaged in statutorily protected conduct by giving notice to her employer about her need for a protected FMLA leave.

66. Plaintiff suffered a materially adverse action of a type that would dissuade a reasonable employee from engaging in statutorily protected activity. Specifically, Defendant terminated Plaintiff's employment.

67. There is a causal link between Plaintiff's need for an FMLA leave and the adverse action.

68. Plaintiff was wrongfully terminated from her position in retaliation to her qualified position to exercise her rights under the Act, thereby adversely affecting Plaintiff.

69. Defendant INTERAMERICAN MEDICAL is subjected to the provisions of the Family and Medical Leave Act of 1993 (29 U.S.C. § 2601-2654). Defendant retaliated against Plaintiff violating 29 U.S. CODE § 2615 and 29 C.F.R § 825.220, which states in pertinent part:

    § 825.220 Protection for employees who request leave or otherwise assert FMLA rights.

    **(a)** The FMLA prohibits interference with an employee's rights under the law and with legal proceedings or inquiries relating to an employee's rights. More specifically, the law contains the following employee protections:

    **(1)** An employer is prohibited from interfering with, restraining, or denying the exercise of (or attempts to exercise) any rights provided by the Act.

    **(2)** An employer is prohibited from discharging or in any other way discriminating against any person (whether or not an employee) for opposing or complaining about any unlawful practice under the Act.

70. Plaintiff was entitled to FMLA leave. However, Defendant, in complete disregard of Plaintiff's protected rights under the Family Medical Leave Act, acting in bad faith, fired

Plaintiff, preventing her from obtaining the benefits of FMLA leave and then continuing her job in her original position or an equivalent position.

71. Defendant willfully and wantonly denied or otherwise interfered and retaliated against Plaintiff for her entitlement to exercise substantive rights under the Family Medical Leave Act.

72. As a direct and proximate cause of Defendant's willful, wanton, and malicious acts described in part above, Plaintiff has sustained damages for the loss of her employment, as well as the security and peace of mind it provided her. Plaintiff has incurred additional damages, including lost wages, pain and suffering, mental anguish, and other damages connected with the loss of her job.

73. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay reasonable attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff TERESA M. BAIDE respectfully requests that this Honorable Court will grant judgment:

A. Finding that INTERAMERICAN MEDICAL'S actions toward Plaintiff violated Plaintiff's rights under the FMLA.

B. Awarding Plaintiff TERESA M. BAIDE payment of all back wages lost benefits, and other economic damages, including front pay, found by the Court to be due under FMLA;

C. Awarding Plaintiff an additional equal amount as liquidated damages for Defendant's willful violation of the FMLA;

D. Granting such other and further relief as is just and proper;

E.  Awarding Plaintiff costs, including a reasonable attorney's fee.

<u>JURY DEMAND</u>

Plaintiff TERESA M. BAIDE demands trial by a jury of all issues triable as of right by a jury.

**COUNT III:**
**VIOLATION OF THE FAMILY FIRST CORONAVIRUS RESPONSE ACT ("FFCRA") P.L. 116-136, AS AMENDED**

74. Plaintiff TERESA M. BAIDE re-adopts every factual allegation about the FFCRA, as stated in paragraphs 1-28, and 30-35 above, as if set out in full herein.

75. At all times relevant and material, Defendant INTERAMERICAN MEDICAL is an Employer under the FMLA, as defined in 29 U.S.C. § 2611(4).

76. Plaintiff TERESA M. BAIDE is a qualified member of the protected class within the purview of 29 USC Section 2601, The Family & Medical Leave Act.

77. Defendant INTERAMERICAN MEDICAL employed Plaintiff TERESA M. BAIDE approximately from June 20, 2010, to December 10, 2020, or Ten years with 5 months, plus 3 weeks.

78. Plaintiff was hired as a non-exempted, full-time customer service representative. Plaintiff's main duty was recruiting new patients for the medical center. Plaintiff's last wage rate was $12.68 an hour plus commissions or bonuses ranging from $1,000.00 to $3,000 every 3 months.

79. At all times material, Plaintiff was qualified to perform her job as a customer service representative within the legitimate expectations of her employer.

80. Defendant INTERAMERICAN MEDICAL is a large business with less than five hundred (500) employees and is therefore subject to the FFCRA.

81. Plaintiff had worked for INTERAMERICAN MEDICAL for more than 30 days before her need for medical leave.

82. On or about December 01, 2020, Plaintiff tested positive for COVID-19. 1) Plaintiff was subjected to a Federal, State, or Local quarantine or isolation order related to COVID-19; 2) Plaintiff had been advised by a health care provider to self-quarantine related to COVID-19; 3) Plaintiff was under observation because of her COVID-19 diagnosis.

83. Defendant INTERAMERICAN MEDICAL violated Plaintiff's protected rights under the Families First Coronavirus Response Act ("FFCRA"), 116 P.L. 116-136, as amended by The Emergency Paid Sick Leave Act (EPSLA), which is Division E of the FFCRA when it failed to pay Plaintiff up to 2 weeks or 80 hours of paid sick leave in specific circumstances related to the Plaintiff due to the COVID-19 diagnosis, and therefore should be punishable under FLSA, 29 U.S.C. § 216 and 217.

84. Moreover, Defendant INTERAMERICAN MEDICAL violated the FFCRA by discharging Plaintiff from her position based upon her positive COVID-19 diagnosis and orders from her physician to self-isolate.

85. On or about December 10, 2020, Defendant INTERAMERICAN MEDICAL terminated Plaintiff using a pre-tex.

86. Defendant INTERAMERICAN MEDICAL was fully aware of the health status of Plaintiff by virtue of the regular updates she provided to her superiors.

87. Before Plaintiff was cleared to return to work by physicians because of the concerns for her health regarding the positive COVID-19 diagnosis, she was unlawfully and retaliatorily terminated by her employer, INTERAMERICAN MEDICAL.

88. Plaintiff's need for time off work, due to the concerns related to COVID-19 expressed by her physicians, was the motivating factor behind her termination.

89. Pursuant to the FFCRA, Defendant INTERAMERICAN MEDICAL was prohibited from terminating Plaintiff for her physician-ordered time off work due to COVID-19, and therefore shall be punishable under FLSA 29 U.S.C. § 215 (a) (3).

90. 29 U.S.C. 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

91. Defendant INTERAMERICAN MEDICAL willfully and intentionally retaliated against Plaintiff by firing her using a pretext.

92. The motivating factor which caused Plaintiff's termination, as described above was the 2 weeks leave that Plaintiff needed to treat her COVID-19 diagnosis and to comply with the mandatory quarantine period. In other words, Plaintiff would not have been discharged but for her positive COVID-19 test and related 2 weeks self-isolation period.

93. Defendant's termination of Plaintiff was in direct violation of 29 U.S.C. 215 (a) (3) and, as a direct result, Plaintiff has been damaged.

94. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff TERESA M. BAIDE respectfully requests that this Honorable Court:

A. Issue a declaratory judgment that Defendant' acts, policies, practices, and procedures complained of herein violated provisions of the Families First Coronavirus Response

Act ("FFCRA"), 116 P.L. 116-136, as amended;

B. Enter judgment against Defendant INTERAMERICAN MEDICAL, that Plaintiff TERESA M. BAIDE recovers compensatory, damages, and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

C. That Plaintiff recovers an award of reasonable attorney fees, costs, and expenses.

D. Order the Defendant to make whole the Plaintiff by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

E. Plaintiff TERESA M. BAIDE further prays for such additional relief as the interests of justice may require.

## JURY DEMAND

Plaintiff TERESA M. BAIDE demands trial by a jury of all issues triable as of right by a jury.

Dated: June 1, 2021

Respectfully submitted,

By: /s/ **Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile: (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*